Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ARLENE VÉLEZ RAMOS; JOSÉ ANTONIO VÉLEZ ABREU, ELSA IRIS RAMOS ÁVILA y LA SOCIEDAD DE BIENES COMPUESTA POR AMBOS<br><br>Apelante<br><br>v.<br><br>DIVERSIFIED AND SPECIAL SERVICES, INC.; LCDO. AGUSTÍN GARCÍA ACEVEDO; FULANO DE TAL; BANCO "ABC"; CORPORACIÓN "ABC"; COMPAÑÍA ASEGURADORA Y/O FIADORA "XYZ"<br><br>Apelada | KLAN202500018 | Apelación Procedente del Tribunal de Primera Instancia, Sala de AGUADILLA<br><br>Caso Núm.: AG2022CV00185<br><br>Sobre: Injunction Preliminar y Permanente; Incumplimiento de Contrato; Daños y Perjuicios |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de febrero de 2025.

El 7 de enero del año en curso, Arlene Vélez Ramos; José Antonio Vélez Abreu, Elsa Iris Ramos Ávila y la Sociedad de Bienes Gananciales compuesta por ambos (en adelante, la parte apelante) comparecieron ante este Tribunal de Apelaciones mediante *Alegato Apelación*. Allí, nos solicitaron la revocación de la *Sentencia* emitida y notificada en el pleito de epígrafe el 1 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI). Por virtud de tal dictamen, el TPI declaró Ha Lugar la *Solicitud de Sentencia Sumaria* interpuesta por el codemandado Agustín García Acevedo (en adelante García Acevedo).

Asimismo, en su recurso la parte apelante también impugna la *Sentencia Parcial* emitida y notificada ese día en el caso mediante la cual se declaró Con Lugar la *Moción Solicitando Sentencia Sumaria* presentada por Diversified and Special Services, Inc. (en adelante, Diversified). [1]

Evaluados los planteamientos sometidos ante nuestra consideración y revisados los documentos que conforman el Apéndice del Recurso, así como el expediente judicial en SUMAC, sobre los cuales tomamos conocimiento judicial, resolvemos **confirmar** los dictámenes apelados.

**-I-**

El 11 de febrero de 2022, Arlene Vélez Ramos; José Antonio Vélez Abreu, Elsa Iris Ramos Ávila y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, la parte recurrida) instaron *Demanda Jurada* contra Diversified, Agustín García Acevedo (en adelante, García Acevedo) y otros. Allí, indicaron haber suscrito sendos contratos de compraventa con la peticionaria para adquirir dos unidades de vivienda, dándose un pago inicial de $3,000.00 para cada una de ellas. Según la parte recurrida, la fecha de expiración del contrato venció sin que se completara la construcción de las unidades, por lo que se declaró vencido el mismo, conforme cláusula contractual. La razón dada para ello fue la pandemia y la regulación gubernamental, las cuales tuvieron efectos económicos devastadores para la empresa, así como atrasos significativos en los trabajos.

Se alegó en la *Demanda Jurada* que García Acevedo les indicó que, de todavía interesar adquirir las unidades, podrían hacerlo, pero a un costo mayor al estipulado inicialmente. Citándole, se expuso que, al reclamarse el cumplimiento específico, García Acevedo manifestó que podía hacer lo que quisiera sin tener que dar explicaciones, pues el dueño era él. Así, por esto y demás razones, solicitaron del tribunal una orden dirigida a los

---

[1] Frente a ambos dictámenes la parte apelante sometió oportunamente una solicitud de reconsideración que fue denegada por el TPI mediante *Resolución Interlocutoria* del 5 de diciembre de 2024, notificada al día siguiente.

demandados para que cesaran y desistieran de cualquier actuación que le impida recibir la entrega al precio pactado de dos unidades de vivienda, así como el otorgamiento de las escrituras de compraventa. Además, requirieron el cumplimiento específico del contrato de compraventa o, en su defecto, que el foro primario ordenara completar la construcción, entrega y otorgamiento de la escritura para elevar la compraventa de las unidades a escritura pública y una indemnización no menor de $30,000.00, por concepto de los daños y perjuicios que alegaron sufrir, como consecuencia del incumplimiento de Diversified con sus obligaciones contractuales.

Las partes demandadas sometieron sus alegaciones responsivas, en las que negaron los hechos imputados y levantaron sus correspondientes defensas afirmativas. Posteriormente en el caso, específicamente el 10 de septiembre de 2024, García Acevedo presentó una *Solicitud de Sentencia Sumaria*. Allí, propuso que no existía controversia sustancial sobre 13 hechos esenciales. **Basó esto en que tales hechos se encontraban contenidos en un Requerimiento de Admisiones remitido a la parte apelante que nunca fue contestado y que, por virtud de la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V. R. 33, debían ser admitidos.** Estos hechos fueron los siguientes:

1. Agustín García Acevedo no tiene responsabilidad personal en los daños alegados por la parte demandante. (Anejo I - Requerimiento de Admisión No. 1)

2. Agustín García Acevedo no causó ningún daño a la parte demandante. (Anejo I - Requerimiento de Admisión No. 2)

3. Agustín García Acevedo actuó como representante de DSS en todo momento en el contrato objeto de la demanda. (Anejo I - Requerimiento de Admisión No. 3)

4. Agustín García Acevedo actuó en todo momento en su capacidad de oficial de DSS. (Anejo I - Requerimiento de Admisión No. 4)

5. Agustín García Acevedo no fue parte del contrato en su carácter personal. (Anejo I - Requerimiento de Admisión No. 5 y Anejo II - Contratos de CV)

6. DSS es una corporación organizada bajo las leyes del Estado Libre Asociado de Puerto Rico. (Anejo I - Requerimiento de Admisión No. 6)

7. Agustín García Acevedo y Maribel Negrón están casados bajo el régimen de capitulaciones matrimoniales. (Anejo I - Requerimiento de Admisión No. 7) y el Anejo III Capitulaciones)

8. Agustín García Acevedo no firmó ningún documento en su capacidad personal relacionado con los hechos alegados en la demanda. (Anejo I - Requerimiento de Admisión No. 8)

9. Todas las acciones realizadas por Agustín García Acevedo relacionadas con DSS fueron en su rol de presidente de la corporación. (Anejo I - Requerimiento de Admisión No. 9)

10. Agustín García Acevedo no actuó con dolo, fraude o mala fe en ninguna de las acciones mencionadas en la demanda. (Anejo I - Requerimiento de Admisión No. 10)

11. No existe evidencia de que Agustín García Acevedo actuó en contra de los intereses de la parte demandante. (Anejo I - Requerimiento de Admisión No. 11)

12. La parte demandante no sufrió daños directos como resultado de acciones personales de Agustín García Acevedo. (Anejo I - Requerimiento de Admisión No. 12)

13. Todas las reclamaciones contra Agustín García Acevedo en su carácter personal carecen de fundamento legal. (Anejo I - Requerimiento de Admisión No. 13)

Ese mismo día, Diversified presentó una *Moción Solicitando Sentencia Sumaria* en la que, **bajo el mismo reclamo de admisión de un requerimiento de admisiones no contestado al amparo de la Regla 33 de Procedimiento Civil,** *supra,* alegó que no existía controversia en cuanto a los siguientes hechos:

1. No existe controversia, por ser un hecho admitido que, Diversified and Special Services, Inc. (DSS) no tiene responsabilidad en los daños alegados por la parte demandante.

2. No está en controversia, por ser un hecho admitido que, Diversified and Special Services, Inc. (en adelante DSS) no causó ningún daño a la parte demandante.

3. No es un hecho en controversia, por ser admitido que, la parte demandante leyó y entendió el contrato del 13 de julio de 2019 entre DSS y los demandantes.

4. No está en controversia, por ser un hecho admitido que, la parte demandante estuvo de acuerdo con todos los términos del contrato del 13 de julio de 2019.

5. No está en controversia, por ser admitido que, el contrato del 13 de julio de 2019 entre DSS y los demandantes permite la resolución del mismo en caso de un evento de fuerza mayor. Así lo estipula el contrato habido entre las partes demandantes

y demandada en sus incisos (d) y (h) de la cláusula número 40. (Anejos II y III)

6. No está en controversia por haber sido admitido, que la pandemia del COVID19 fue un evento de fuerza mayor.

   Así también se desprende de la Resolución emitida por el DACO en el caso Elvin Reyes-Kock v. Diversified & Special Services, Inc. número SAN-2021-001026 en la que se reconoce al COVID 19 como un evento de fuerza mayor, suficiente como para que se active las cláusulas de cancelación de contrato, número 40 (d) y (h). Se solicita se tome conocimiento judicial. (Anejo VI)

7. No está en controversia por haber sido admitido, DSS resolvió el contrato con los demandantes debido a la pandemia del COVID-19. Así también surge de la Carta Notificación Terminación del Contrato de Compraventa de la Unidad C-5-119, fechada 29 de septiembre de 2021 (Anejo IV) y, de la Carta Notificación Terminación del Contrato de Compraventa de la Unidad C-5-120, fechada 29 de septiembre de 2021. (Anejo V)

8. Es un hecho admitido, y por lo tanto no está en controversia que, DSS resolvió el contrato con los demandantes debido a la pandemia del COVID-19.

9. No existe controversia por ser admitido que, el contrato entre DSS y los demandantes contiene una cláusula que permite su resolución por eventos de fuerza mayor, específicamente bajo los incisos (d) y (h) de la cláusula número 40.

10. No existe controversia por ser admitido que, la resolución del contrato entre DSS y los demandantes debido a la pandemia del COVID-19 está en conformidad con la cláusula número 40 del contrato.

11. No está en controversia, por ser admitido que, Diversified and Special Services, Inc., cumplió cabalmente con su obligación contractual.

12. No existe controversia, por haber sido admitido que, en el caso Elvin Reyes-Kock v. Diversified & Special Services, Inc. número SAN-2021-0010267, el Juez Administrativo indicó que la pandemia del COVID-19 constituye un caso de fuerza mayor que justifica la resolución del contrato. (Ver Anejos I y VI)

13. Es un hecho que no está en controversia que, en el caso Elvin Reyes-Kock v. Diversified & Special Services, Inc. número SAN-2021-001026, atendiendo a este mismo lenguaje contractual y hechos similares, este honorable Juez Administrativo indicó:

    "Expuesto el marco jurídico aplicable a la situación de hechos ante nuestra consideración, resolvemos que la pandemia del COVID-19 acontecida luego de las partes haber otorgado el contrato objeto de la controversia constituye un caso de fuerza mayor o caso fortuito que, por imprevisible o inevitable, justifica que se modifiquen los términos y condiciones del contrato uniforme de compraventa firmado. Por ende, la parte querellada estaba facultada para resolver el contrato, conforme los incisos (d) y (h) de la cláusula número 40 del contrato. Cabe destacar que, al momento de la firma del contrato, la pandemia

del COVID-19 no era un evento previsible para ninguna de las partes comparecientes en el contrato."

14. Es un hecho que no está en controversia que, el retraso en poder terminar las unidades de vivienda por parte de DSS, se debió exclusivamente a la pandemia del COVID-19.

15. No está en controversia, por ser admitido que, DSS no actuó con dolo, fraude o mala fe en ninguna de las acciones relacionadas con el contrato objeto de la demanda.

16. No está en controversia, por ser admitido que, no existe evidencia que demuestre que DSS actuó en contra de los intereses de la parte demandante.

17. No está en controversia, por ser admitido que, los demandantes no sufrieron daños directos como resultado de acciones de DSS.

18. No está en controversia, por ser admitido que, todas las reclamaciones contra DSS carecen de fundamento legal.

19. No está en controversia, por ser admitido que, los daños alegados por la demandante no son previsibles e improcedentes en derecho.

20. No está en controversia, por ser admitido que, la Demanda no expone una reclamación que justifique la concesión de un remedio a favor de la parte demandante y en contra de la parte demandada.

21. No está en controversia, por ser admitido que, los hechos, según alegados y expuestos en la Demanda, son producto de fuerza mayor, actos de Dios, o caso fortuito del cual la parte demandada DSS no tiene responsabilidad civil alguna.

22. No está en controversia, por ser admitido que, DSS actuó prudentemente observando todas las precauciones debidas y necesarias y no incurrió en actos de Mala Fe y/o de incumplimiento de clase alguna.

23. No está en controversia, por ser admitido que, los daños y la cuantía reclamada para resarcirlos, según fueron alegados en la demanda, son exagerados, desproporcionados, especulativos, improcedentes y/o inexistentes, como cuestión de hecho y derecho y, por lo tanto, no son recobrables en derecho.

24. No está en controversia, por ser admitido que, no existe relación causal entre los daños alegados por la parte demandante y los alegados actos incumplimiento que se imputan contra la parte compareciente.

25. No está en controversia, por ser admitido que, de existir algún daño, son consecuencia de una causa interventora distinta e independiente a las alegaciones contenidas en la demanda.

26. No está en controversia, por ser admitido que, las obras realizadas por DSS fueron ejecutadas competente y profesionalmente, sin que el aquí compareciente incurriese en actuaciones y/u omisiones negligentes de clase alguna o incumplimiento de contrato.

27. No está en controversia, por ser admitido que, los daños alegados por la demandante no eran previsibles e improcedentes en derecho.

El 16 de septiembre de 2024, notificada el día siguiente, el TPI emitió una *Orden* mediante la cual concedió a la parte apelante 20 días para exponer su posición en cuanto a la moción dispositiva sometida por García Acevedo. Similar término concedió a la parte apelante para expresarse en cuanto a la moción de sentencia sumaria de Diversified.

Debido a que el plazo concedido a la parte apelante para oponerse a su solicitud de sentencia sumaria había vencido sin que así lo hiciera, el 7 de octubre de 2024, García Acevedo solicitó que esta se diera por sometida y sin oposición.[2] En respuesta a este escrito, la parte apelante solicitó 20 días adicionales para presentar su oposición a las mociones dispositivas presentadas.[3]

El 22 de octubre de 2024, el TPI emitió separadamente dos resoluciones mediante las que dio por sometida sin oposición la petición de sentencia sumaria de García Acevedo, así como aquella de Diversified. Luego, el 1 de noviembre de 2024, dictó una *Sentencia Parcial* en la que, ante la tácita admisión del requerimiento de admisiones remitido por Diversified a la parte apelante y prueba documental sometida en apoyo a su escrito, acogió como hechos incontrovertidos los hechos propuestos por tal entidad. En consideración de esto, declaró Ha Lugar la solicitud de sentencia sumaria de Diversified y desestimó la causa de acción presentada en su contra. En tal fecha, y aparte, el TPI también emitió una *Sentencia* en la que, por los mismos fundamentos, declaró Con Lugar la solicitud de sentencia sumaria de García Acevedo y desestimó la causa de acción sometida en su contra.

---

[2] Similar argumento incluyó en la *Segunda Solicitud Para Que Se Tenga por Sometida Sin Oposición La Solicitud de Sentencia Sumaria* que presentó el 19 de octubre de 2024. Véase, Entrada Núm. 235 en SUMAC. El mismo, fue reclamado también por Diversified en la *Moción Solicitando Que La Moción De Sentencia Sumaria Se Tenga Como Sometida Sin Oposición* que instó ese 19 de octubre. Véase, Entrada Núm. 236 en SUMAC.
[3] Entrada Núm. 226 en SUMAC.

Así las cosas, el 18 de noviembre de 2024, la parte apelante presentó ante el TPI *Moción en Solicitud de Reconsideración y Sentencia Sumaria*. En esta, expuso no haber tenido oportunidad de oponerse a las mociones de sentencia sumaria pues hubo una confusión con la prórroga otorgada por conducto de su abogada. También reclamó haber acreditado que las solicitudes de prórroga para cumplir con los requerimientos de admisiones fueron oportunas y mediando justa causa por una situación de emergencia de salud de la abogada de esta parte, situación que ha sido acreditada al tribunal desde hace meses. De otro lado, reclamó la nulidad de la cláusula de resolución del contrato por alegadamente ser una cláusula potestativa. También, reclamó sentencia sumaria a su favor.

Habiéndosele concedido término para ello, el 2 de diciembre de 2024, García Acevedo y Diversified sometieron conjuntamente una *Oposición a la Moción de Reconsideración (Oposición a Solicitud de Sentencia Sumaria)*. Allí, reclamó que el escrito de reconsideración de la parte apelante incumplía con los requisitos de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. También, señaló que la solicitud de sentencia sumaria de la parte apelante fue sometida fuera de término, que mediante su escrito de reconsideración dicha parte pretendía introducir hechos o teorías jurídicas nuevas, que la parte apelante intentó justificar su falta de diligencia mediante alegaciones de problemas de salud de su abogada que no eran ciertas y procedía la imposición de honorarios de abogado por su temeridad.

El 5 de diciembre de 2024, el TPI denegó la reconsideración de la parte apelante. Inconforme, esta sometió el recurso de apelación de epígrafe, donde señaló la comisión de los siguientes errores:

> Erró el TPI al refrendar que la resolución de un contrato se puede dejar al arbitrio unilateral del deudor.
>
> Erró el TPI al determinar que la pandemia del Covid-19 constituye un caso de fuerza mayor que justificó la resolución del contrato entre las partes a base de una resolución administrativa del DACO.

Erró el TPI al resolver la sentencia sumaria obviando la prueba del expediente y al fundamentar su decisión en un requerimiento de admisiones no contestado por razones de justa causa.

Tras varios asuntos procesales atendidos que no son importantes detallar, García Acevedo y Diversified sometieron *Solicitud de Desestimación y Alegato de las Partes Apeladas*. Con el beneficio de su comparecencia, damos por sometido el asunto y procedemos a resolver.

**-II-**

*A.*

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE y otros, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. Id., mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE y otros; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414,

432 (2013). Las meras afirmaciones no bastan. <u>Meléndez González et al. v. M. Cuebas</u>, 193 DPR 100, 136 (2015). Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. <u>Abrams Rivera v. E.L.A.</u>, 178 DPR 914, 932 (2010). No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". <u>Audiovisual Lang. v. Sist. Est. Natal Hnos.</u>, 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. <u>Cruz Velez v. CEE y otros</u>; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego

de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

**-III-**

Antes de explicar nuestra decisión, según nos ordena a hacer la normativa jurídica aplicable a las solicitudes de sentencia sumaria, hemos evaluado si la solicitud de sentencia sumaria sometida por Diversified, así como aquella que García Acevedo presentó, cumple con los requisitos de forma que exige la Regla 36 de Procedimiento Civil, *supra.* Efectuado el examen, concluimos que así fue. Ambos escritos contienen una breve exposición de las alegaciones de las partes, identifican los asuntos litigiosos, la causa de acción sobre la cual solicitan la sentencia sumaria, una relación concisa, organizada y en párrafos separados de aquellos hechos esenciales y pertinentes sobre los que proponen no existe controversia en los que se hace referencia a la evidencia admisible en la que descansa la propuesta. Asimismo, las mociones de sentencia sumaria presentadas exponen las razones por las cuales las partes proponentes entienden debe dictarse sentencia en virtud del derecho aplicable que incluyen y el remedio que se solicita.

Similar avalúo no podemos realizar sobre la oposición a las mociones de sentencia sumaria presentadas en el caso, puesto que la parte apelante no se opuso a tales escritos. La ausencia de una oposición, sin embargo, no implica una concesión automática de una solicitud de sentencia sumaria puesto que la concesión de una solicitud de sentencia sumaria ocurrirá cuando en derecho así proceda.[4]

Es precisamente en reclamo de esto último que la parte apelante acude ante nos en apelación. Así pues, y con el fin de impugnar las sentencias apeladas, en primer lugar, la parte apelante reclama que la emisión de tales dictámenes es contraria a las disposiciones legales

---

[4] Audiovisual Lang. v. Sist. Est. Natal Hnos., *supra.*

relacionadas a los contratos. Reclama pues la nulidad de la cláusula 40(d) del contrato de compraventa suscrito entre las partes por ser esta una cláusula potestativa contraria a la ley, la moral y al orden público. Al así hacer, expone que la referida estipulación dejó al arbitrio del deudor (en este caso Diversified) la resolución del contrato, lo que está prohibido en nuestro ordenamiento jurídico.

En segundo lugar, para atacar las determinaciones la parte apelada cuestiona que el TPI haya encontrado presente una causa de fuerza mayor que justificara la resolución del contrato por parte de Diversified. Específicamente, expone que tal determinación descansó en una resolución administrativa emitida por el Departamento de Asuntos del Consumidor (DACo), pone en duda la suficiencia de esta para sostener la presencia de fuerza mayor y cataloga como un claro abuso de discreción el proceder del tribunal.[5]

Por último, afirma que constituyó un grave error del TPI el dictar sentencia sumaria en favor de García Acevedo y Diversified fundamentándose solo en que no se presentó oposición a las mociones dispositivas. Sobre ello, señala que el expediente judicial contiene varios escritos sometidos por su representación legal que informaban varias vicisitudes sobre la salud de esta por lo que la falta de una oposición a dichos escritos estaba justificada por el expediente judicial.

En virtud de cada uno de estos argumentos, la parte apelante reclama que las sentencias sumarias dictadas deben ser revocadas. No tiene razón. Cada uno de estos planteamientos obvian que las sentencias dictadas no descansan meramente en la falta de una oposición a las mociones de

---

[5] A pesar de tales argumentos, no escapa a nuestra atención que el TPI no descansó únicamente en las resoluciones administrativas citadas por los proponentes de las mociones de sentencia sumaria para encontrar probado que la pandemia del COVID-19 fue una fuerza mayor. Una lectura de la *Sentencia Parcial* apelada permite apreciar que el tribunal consideró la exposición de motivos de la Ley 52-2020, así como aquella de la ley 44-2020 en las que el Gobierno de Puerto Rico reconoció esta pandemia como un evento de fuerza mayor.

sentencia sumaria como arguye. En contrario, el expediente judicial constata que la parte apelante recibió tanto de Diversified, como de García Acevedo sendos requerimientos de admisiones y que dicha parte no contestó ni objetó este descubrimiento de prueba. [6] También refleja que la parte apelante no acudió al tribunal para obtener una extensión del plazo disponible para presentar su respuesta a estos requerimientos; que nunca contestó formalmente los requerimientos; que las mociones de sentencias sumarias se basaron en los hechos tácitamente admitidos al expirar el plazo que concede la Regla 33 de Procedimiento Civil, *supra*; que la parte apelante no se opuso oportunamente a estas mociones;[7] **que ambos requerimientos de admisiones fueron admitidos por el TPI; y que fue en virtud de estos hechos admitidos que el TPI dictó las sentencias apeladas**.

La Regla 33 de Procedimiento Civil, *supra,* es clara en cuanto a la consecuencia de no contestar adecuadamente los requerimientos de admisiones. Sus disposiciones son mandatorias y no meramente directivas, por lo que se requiere un cumplimiento sustancial con estas. Ante el claro mandato de la citada regla, no encontramos abuso de discreción ni error manifiesto por parte del TPI al dar por admitidos los requerimientos de admisiones, ni al dictar sentencia sumaria basándose en los hechos admitidos.

**-IV-**

Por los fundamentos antes enunciados, confirmamos las sentencias apeladas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

---

[6] Notamos que los requerimientos de admisiones atendían hechos en controversia y opiniones relacionadas con estos hechos, por lo trataban de materias cuya admisión es permisible bajo la discutida regla.

[7] No pasa por desapercibido que, si bien la parte apelante reclama como justa causa para no haberse opuesto a las mociones de sentencia sumaria ciertas situaciones de salud, la solicitud de prórroga que sometió a tales efectos no se basó en tales circunstancias.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones